**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TAMMY BERARD,

    Plaintiff,

v.                                                        Case No: 8:12-cv-2599-T-30AEP

TARGET CORPORATION,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Amended Motion for Final Summary Judgment (Dkt. #25) and Plaintiff's Response in Opposition thereto (Dkt. #29). It is the court's conclusion that the Motion should be granted.

### *Background*

Plaintiff Tammy Berard filed her complaint against Defendant, Target Corporation ("Target") alleging that on April 11, 2011, she slipped but did not fall on a liquid substance on the floor of one of Target's stores. The slip resulted in personal injuries to Berard. The complaint alleges that Target was negligent in maintaining the premises and that Target failed to warn Berard of a condition which Target knew or should have known existed.

The record evidence before the court includes the deposition of Matthew Bunevich, the Target "Leader on Duty" during the time of the incident, the affidavit of

Matthew Bunevich, the affidavit of Heidi Berard, Berard's daughter-in-law who was present at the time of the incident, and Berard's deposition.

The undisputed facts in the record are that Berard regularly visited the Target store where the incident occurred. Her perception was that the store always appeared to be clean and well maintained. On the day of the incident, Berard was pushing a shopping cart when she suddenly slipped but prevented herself from falling by holding on to the shopping cart. After the incident, Berard saw a clear liquid on the floor, but the area around the liquid was clean and dry. There were no footprints, cart tracks or any other indication that someone had walked through the liquid substance before she did. Neither Berard nor Bunevich is aware of anyone, including any Target employee, who caused the liquid to be on the floor or knew that it was there prior to the incident.

## *Discussion*

### I.  **Summary Judgment Standard**

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A) and (B).

## II.     Defendant's Motion for Summary Judgment

Target argues that it is entitled to summary judgment on Berard's negligence claim because the record is undisputed that Target did not breach its duty to Berard. Specifically, it argues that Berard failed to present any evidence that Target had actual or constructive knowledge of the dangerous condition that caused her to slip under § 768.0755, Fla. Stat. The Court agrees.

In a negligence action under Florida law, a plaintiff must establish (1) a legal duty that the defendant owed the plaintiff, (2) the defendant's breach of that duty, (3) an injury

to the plaintiff that was caused by the breach, and (4) damages as a result of the injury. *See Clay Elec. Coop., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003); *see also Paterson v. Deeb*, 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985). "[A] landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care." *Emmons v. Baptist Hosp.*, 478 So. 2d 440, 442 (Fla. 1st DCA 1985) (citing *Maldonado v. Jack M. Berry Grove Corp.*, 351 So. 2d 967, 970 (Fla. 1977)); *see also Delgado v. Laudromax, Inc.,* 65 So. 3d 1087 (Fla. 3d DCA 2011).

### III.     Actual or Constructive Notice

Target asserts that it is entitled to summary judgment because there is no evidence to establish that Target created the condition on the floor or had actual or constructive notice of the condition. Controlling in this case is Florida Statutes §768.0755(1) which provides that a person who slips and falls on a transitory foreign substance in a business establishment "must prove that the business establishment has actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." The statute goes on to say that constructive knowledge may be proven by circumstantial evidence showing that "(a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1). The Plaintiff has failed to present any evidence

4

that the Defendant caused liquid to be on the floor, had actual knowledge that the liquid was on the floor, or that the condition occurred with regularity and was therefore foreseeable. Therefore this case turns on whether Plaintiff has shown that Target had constructive knowledge of the liquid substance on the floor.

The mere presence of liquid on the floor is not enough to establish constructive notice. *Delgado,* 65 So. 3d at 1090.  *See also Gordon v. Target Corp.*, 2008 WL 2557509, at *4 (S.D.Fla. June 23, 2008) ("[t]he mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable."). Further, negligence "may not be inferred from the mere happening of an accident alone." *Belden v. Lynch*, 126 So.2d 578, 581 (Fla. 2d DCA 1961); *see also East Bay Raceway v. Parham*, 497 So.2d 719, 720 (Fla. 2d DCA 1986). Additionally, "if the injured invitee fails to prove ... that the dangerous condition existed a length of time prior to the injury in excess of a reasonable period between inspections, the possessor should not be held liable for injury caused by that dangerous condition." *Wal-Mart Stores, Inc. v. King*, 592 So. 2d 705, 707 (Fla. 5th DCA 1991)

There is nothing in the record evidence to suggest that Target had constructive notice of the liquid substance on the floor. The record actually suggests a lack of notice since the parties describe the substance as "clear and clean" and "not dirty." Further the area around the liquid was clean and dry, and had no marks indicating that anyone walked through the liquid previously. Further, the incident occurred on one of the store's main aisles which is a high traffic area. No Target employee was near the spill when the incident occurred. There is no evidence of the source of the liquid or how long it

remained on the floor. Further, the store "Leader on Duty" stated that he walked through that area within the hour before the incident, as part of his routine survey of the store, and the floor was clean and dry at the time. All employees at Target are trained to clean up spills immediately. Target's policy emphasizes safety and part of the employee's duty is to look for spills when working in a specific aisle and properly manage spills when they come across them.

Plaintiff argues she has met her burden of proving constructive notice in that Target would have known of the liquid substance had they inspected the store floors prior to her incident. She argues that Target did not require any employees to make regular inspections of the store floors; they were simply required to clean something up if they happen to see something on the floor. However Bunevich's testimony shows that he personally walked through the area within an hour of the incident and it was clean and dry at the time. Also, although there is no written or oral policy for any specific employee to exclusively walk around the store looking for spills, it is part of Target employees' duties to look for debris and spills while they work in their assigned aisles. Berard argues that Bunevich's testimony is "self-serving" and that he would have walked through the area while completing several other tasks simultaneously which creates a genuine issue of material fact as to whether Target had constructive notice of the liquid on the floor. This argument is not persuasive.

### IV.     Negligent Mode of Operation

Plaintiff also relies on the negligent mode of operation theory to prove her case. Section 768.0755(2) allows a plaintiff to proceed with a premises liability case under a common

law duty of care. The negligent mode of operation theory "merely recognizes the common-sense proposition of negligence law that the duty of care required under the circumstances may consist of taking reasonable precautions so as to minimize or eliminate the likelihood of a dangerous condition arising in the first instance." *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260 (Fla. 2002).

The evidence in the record does not support a finding of negligence under this theory. Moreover, Berard testified that she visited the store on several occasions and that it always appeared to clean and well maintained and that she did not think that Target did anything wrong to contribute to the incident, it "just had water on the floor." These statements foreclose a theory of negligent operation. The only permissible inference from that testimony is that Target reasonably operated its facility with regard to the alleged hazard that caused Berard to fall. For her cause of action to survive a motion for summary judgment, Berard must provide some evidence that Target employed a negligent mode of operating its store that led to her alleged injury. Although it is none of the employee's exclusive duty to look for slip and trip hazards, the evidence shows that Target employees receive training on how to clean up spills, it is part of their job duties in working in an area to look out for spills, safety is reinforced on a regular basis through team huddles and every price scanner in the store has a "spill kit" specifically for clean-ups.

### *Conclusion*

Target has presented evidence that it had no actual or constructive knowledge of the clear liquid on the floor prior to Berard slipping on the clear liquid. It has also

7

presented evidence that the Team Leader on Duty would walk throughout the store, and as part of his many duties, clean up spills as he saw them. Further, the other employees were responsible for being aware of any spills and cleaning them up immediately if they saw any. Berard has not pointed to any evidence that creates a genuine issue of material fact as to any of these issues and has therefore failed to show that Target had actual or constructive notice or that it had a negligent mode of operation within the store.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Amended Motion for Final Summary Judgment (Dkt. #25) is granted.

2. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

3. All pending motions are denied as moot.

4. The clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of October, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-2599 msj 25.docx